## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALONZO FLOURNOY,
    Appellant,

   v.

DEPARTMENT OF HOMELAND
  SECURITY,
    Agency.

DOCKET NUMBER
SF-0752-16-0411-I-1

DATE: December 22, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Henry E. Leinen, Pacific Grove, California, for the appellant.

Talia Falk, San Francisco, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which affirmed his 30-day suspension. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARUGMENTS ON REVIEW

¶2    On January 28, 2015, the agency proposed to remove the appellant, a GS-12 Customs and Border Protection (CBP) Officer, on the basis of one charge of conduct unbecoming a CBP officer and one charge of failure to honor just financial obligations in a timely manner. Initial Appeal File (IAF), Tab 4 at 41. In support of the conduct unbecoming charge, the proposal notice provided two specifications: (1) on July 2, 2012, a police officer discovered a "small clear bag containing a white crystal-like substance" in the appellant's backpack; he "was arrested, and later charged with, possession of a controlled substance, namely .3 grams of methamphetamine, pursuant to California Health and Safety Code § 11377(A)"; and (2) on September 16, 2013, he was "convicted of the infraction of malicious disturbance of another person, pursuant to California Penal Code § 415(2)." *Id.* In support of the failure to honor just financial obligations in a timely manner charge, the proposal notice set forth one specification, which asserted that, as a result of the appellant's permanent change of station move from the agency's Nassau, Bahamas Preclearance Office to the San Francisco Field Office, he incurred expenses on his Government-issued travel card,

ultimately resulting in a balance of $13,354.23; he failed to pay the balance due on the travel card; and, on May 1, 2013, his travel card account was closed and charged off. *Id.*

¶3      The appellant responded orally to the proposal notice, in which he denied that he had ever done drugs, stated that his behavior had been "off" but he did not know why at the time, and stated that he "should have known better than to mix those medications with alcohol." *Id.* at 34-40. His union representative stated that, after the July 2, 2012 incident, the appellant "reached out to the San Francisco Veterans Affairs Medical Center for diagnosis, and more than 13 hours of corrective spine surgery." *Id.* at 36. The appellant also explained that he only used the travel card for his authorized relocation expenses, but that the agency did not reimburse him at the correct per diem rate. *Id.* at 37-38. He stated that he continually raised the issue of the per diem rate with his chain of command and the National Finance Center, but the issue was never resolved. *Id.* He averred that, as soon as he received reimbursements of his relocation expenses, he put the funds toward the travel card or toward the hotel, and that he has "not kept a single dime from this." *Id.* at 38.

¶4      On March 3, 2016, the deciding official issued a decision letter sustaining the charges but mitigating the penalty to a 30-day suspension. *Id.* at 29-31. The appellant timely appealed the 30-day suspension to the Board and requested a hearing.[2] IAF, Tab 1. After holding the requested hearing, the administrative

---

[2] In his initial appeal, the appellant challenged both the 30-day suspension at issue here and a separate indefinite suspension based on the agency's belief that he committed a crime for which a sentence of imprisonment may be imposed. IAF, Tab 1 at 6, 14-15. The Board's regional office docketed the appeal of the 30-day suspension as the instant appeal and docketed the appeal of the indefinite suspension as MSPB Docket No. SF‑0752‑16‑0410-I-1. IAF, Tab 2. On May 9, 2016, the administrative judge dismissed the appellant's indefinite suspension appeal for lack of jurisdiction, finding that he elected to challenge his indefinite suspension through the negotiated grievance procedure, thereby divesting the Board of jurisdiction over his subsequently filed Board appeal. *Flournoy v. Department of Homeland Security*, MSPB Docket No. SF-0752-16-0410-I-1, Final Order (May 9, 2016).

judge issued an initial decision finding that the agency proved the charges, nexus, and that the 30-day suspension was within the limits of reasonableness. IAF, Tab 27, Initial Decision (ID) at 5-12, 14-18. The administrative judge also determined that the appellant received the requisite due process. ID at 12-14. Accordingly, she sustained the agency's action. ID at 18. The appellant has filed a petition for review of the initial decision, arguing that the administrative judge erred in sustaining the charges and that the 30-day suspension was unreasonable. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition. PFR File, Tab 3.

¶5        A charge of "conduct unbecoming" has no specific elements of proof; it is established by proving that the employee committed the acts alleged in support of the broad label. *Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 22 (2006), *aff'd*, 626 F. Supp. 2d 1140 (D.N.M. 2009) *aff'd*, 490 F. App'x 932 (10th Cir. 2012); *see Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 202 (1997). Accordingly, to prove a charge of conduct unbecoming a CBP officer, the agency is required to demonstrate that: (1) the appellant was a CBP officer; (2) he engaged in the underlying conduct alleged in support of the broad label; and (3) such conduct was improper or unsuitable for a CBP officer. *See Raco v. Social Security Administration*, 117 M.S.P.R. 1, ¶ 7 (2011); *Crouse v. Department of the Treasury*, 75 M.S.P.R. 57, 63 (1997) (setting forth the essential elements of the charges of unacceptable supervisory conduct and conduct unbecoming a Federal employee), *rev'd and remanded on other grounds sub nom. Lachance v. Merit Systems Protection Board*, 147 F.3d 1367 (Fed. Cir. 1998); *Miles v. Department of the Army*, 55 M.S.P.R. 633, 637 (1992) (explaining that, to sustain a charge of conduct unbecoming a Federal employee, the agency must demonstrate that the conduct in question was unattractive, unsuitable, or detracting from the employee's character).

¶6        In sustaining the conduct unbecoming charge, the deciding official observed that, although the appellant, through his union representative, expressed regret

and remorse for his "part in the ordeal," there was no dispute that he had committed the misconduct as charged.  IAF, Tab 4 at 30.  The administrative judge agreed, finding that the appellant stipulated to the factual basis of this charge.  ID at 6 (citing IAF, Tab 19 at 3-4).  Although the appellant testified at the hearing that he never used or possessed an illegal substance and that someone planted the bag in his backpack, the administrative judge explained that she did not find the appellant to be a credible witness and did not credit his testimony that he never possessed or used an illegal substance or his version of the events leading up to his arrest.  ID at 6-8.  The administrative judge further found that, as the agency is charged with enforcing drug laws, it is unbecoming for an officer of the agency to be found with, arrested for, and charged with possession of an illegal drug.  ID at 9.

¶7        On review, the appellant argues that the administrative judge erred in sustaining the conduct unbecoming charge because there was no evidence that would be admissible in California courts proving that the "white crystal-like substance from the appellant's backpack was in fact methamphetamine."[3]  PFR File, Tab 1 at 4-5.  However, the agency did not charge the appellant with possessing methamphetamine; rather, the first specification stated that the appellant was found with a "small clear bag containing a white crystal-like substance" and that he "was arrested, and later charged with, possession of a controlled substance, namely .3 grams of methamphetamine, pursuant to California Health and Safety Code § 11377(A)."  IAF, Tab 4 at 41.  The appellant does not dispute that he was found with the described clear bag containing a

---

[3] The appellant does not challenge the administrative judge's decision not to credit his hearing testimony denying that he ever used or possessed illegal drugs or his version of events leading up to his arrest on July 2, 2012.  PFR File, Tab 1.  We find no basis to disturb these findings on review.  *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must defer an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing, and that the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

white crystal-like substance or that he was arrested and charged with possession of a controlled substance.  PFR File, Tab 1.  Moreover, as the administrative judge correctly stated in the initial decision, this is not a criminal proceeding.  ID at 8.  Accordingly, the appellant's arguments regarding the admissibility of the methamphetamine test results in California criminal proceedings are unavailing.

¶8      The appellant also argues on review that, during the hearing, "he testified that he pled guilty to an infraction only after he had depleted his life savings and could no longer defend against the erroneous charge.  The [administrative judge] failed to properly apply the Frye test when she ruled that the Appellant accepted a 'plea deal.'"[4]  PFR File, Tab 1 at 5.  As set forth above, the second specification of the conduct unbecoming charge stated that, on September 16, 2013, the appellant was "convicted of the infraction of malicious disturbance of another person, pursuant to California Penal Code § 415(2)."  IAF, Tab 4 at 41.  The fact that the appellant's conviction of a lesser offense resulted from a plea deal has no bearing on the issues in this appeal.  Furthermore, contrary to the appellant's contention, the administrative judge did not "rule" that the appellant accepted a plea deal.  PFR File, Tab 1 at 5 (citing ID at 2).  Rather, in the background section of the initial decision, the administrative judge stated that, "as part of a plea deal, the appellant was convicted of the infraction of malicious disturbance of another person[.]"  ID at 2.  The appellant does not challenge the factual accuracy of the statement.  PFR File, Tab 1.

---

[4] The "*Frye* test" or "general acceptance" is derived from a 1923 case, in which the court stated that expert opinion based on a scientific technique is inadmissible unless the technique is "generally accepted" as reliable in the relevant scientific community. *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 584 (1993) (discussing *Frye v. United States*, 54 App. D.C. 46, 47, 293 F. 1013, 1014 (1923)).  The relevance of the *Frye* test to the appellant's acceptance of a plea deal, however, is unclear.  In any event, the *Frye* test has since been superseded by the Federal Rules of Evidence.  *Id.* at 586-87.  While the Federal Rules may be used to provide guidance, they are not binding on the Board.  *Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 35 (2010), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011).

¶9          Next, the appellant argues that the administrative judge erred in sustaining the failure to honor just financial obligations in a timely manner charge because he did not misuse the travel card but "was simply reimbursed at the incorrect amount." *Id.* at 5-7. As stated above, the essence of this specification is that, as a result of a change in duty station, the appellant incurred expenses on his Government-issued travel card; he failed to pay the balance due; and his travel card account was closed and charged off. IAF, Tab 4 at 41. To prove the charge of "failure to honor just financial obligations in a timely manner," the agency must prove that the appellant committed the acts alleged in support of the label. *See Otero*, 73 M.S.P.R. at 202-03.

¶10         The administrative judge found that the factual bases of the specification were undisputed and that there was no evidence that any of the charges on the travel card were fraudulent or that the appellant disputed the accuracy of any of the charges. ID at 10. She considered the appellant's contention that the unpaid balance resulted from the agency's failure to reimburse him at the correct rate, but concluded that the agency properly calculated the appellant's entitlements. ID at 10-11. In any event, the administrative judge found that, as of July 19, 2012,[5] the appellant knew how much the agency would reimburse him for his expenses each day, but that he nonetheless elected to spend far more than that amount each day and then decided not to pay the credit card for those expenses. ID at 12. The administrative judge concluded that, under these circumstances, it is clear that the appellant failed to honor just financial obligations in a timely manner. *Id.*

¶11         On review, the appellant does not challenge the administrative judge's findings that he was aware of the per diem rate approved by the agency, that he

---

[5] Although the administrative judge wrote "July 19, 2014," rather than "July 19, 2012," in several places, it is clear from the context and the preceding paragraph that this is a typographical error. ID at 11-12. In the preceding paragraph, the administrative judge explained that the appellant signed the employee relocation expenses authorization on July 19, 2012. ID at 11 (citing IAF, Tab 6 at 67-70).

nonetheless chose to spend in excess of that amount, and that he failed to pay the balance due. PFR File, Tab 1 at 5-7. Because the appellant does not dispute the factual bases underlying the charge of failure to honor just financial obligations in a timely manner, we find no basis to disturb the administrative judge's decision to sustain the charge. Nonetheless, we consider the appellant's arguments regarding the agency's failure to reimburse him at the correct per diem rate, which he appears to argue caused his inability to pay the outstanding balance on the Government-issued travel card.

¶12     The appellant argues, as he did below, that the agency was required to pay him at the San Francisco locality rate, rather than the standard Contiguous United States (CONUS) rate, pursuant to 41 C.F.R. § 301.11. PFR File, Tab 1 at 6. He argues that "[t]he fact that lodging rates are established by [the General Services Administration (GSA)] and not [the agency] is the gravamen of the issues before the Board. It is not misconduct to incur more in reimbursable expenses than the agency's pre-travel estimate." *Id.*

¶13     We agree, however, with the administrative judge and the agency that the appellant was not entitled to a per diem rate for the San Francisco locality. The regulations cited by the appellant apply to temporary duty travel allowances for, among others, employees traveling on official business. 41 C.F.R. § 301-1.3. For an employee, like the appellant, who has been permanently relocated, the applicable regulations are located in 41 C.F.R. chapter 302. As the administrative judge correctly explained, an employee who has been relocated can be reimbursed for temporary quarters subsistence expenses and may choose between being reimbursed through the actual expense method or through a lump‑sum payment. ID at 11; IAF, Tab 6 at 72; 41 C.F.R. §§ 302-6.4, 302‑6.11. The appellant chose the actual expense method and, on the election form, was advised that the governing regulations were located in 41 C.F.R. chapter 302. IAF, Tab 6 at 72. Under the actual expense method, the "applicable per diem rate" for all locations

within CONUS is the "standard CONUS rate." 41 C.F.R. § 302-6.102. In 2012, as correctly determined by the agency and the administrative judge, the maximum per diem rate in CONUS was $123. ID at 12; IAF, Tab 17 at 94. Thus, we find no merit to the appellant's arguments that he was not reimbursed at the correct rate.

¶14     The appellant also cursorily asserts that the 30-day suspension is unreasonable under the circumstances. PFR File, Tab 1 at 7. When, as here, all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Penland v. Department of the Interior*, 115 M.S.P.R. 474, ¶ 7 (2010); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (articulating a nonexhaustive list of 12 factors that are relevant in assessing the penalty to be imposed for an act of misconduct). In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Penland*, 115 M.S.P.R. 474, ¶ 7. The Board will modify or mitigate an agency-imposed penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty clearly exceeds the bounds of reasonableness. *Id*.

¶15     In determining the appropriate penalty, the deciding official considered, among other things, the "extremely serious" nature of the misconduct, the notoriety of the offense, the fact that the appellant was on notice of his obligation to pay the debt on this travel card, and the fact that his failure to comply with the travel card policy violated the agency's policy. IAF, Tab 4 at 30. The deciding official indicated that he considered the agency's table of offenses and penalties and the consistency of the penalty imposed on other employees for the same or similar offenses. *Id.* As mitigating factors, the deciding official considered the

appellant's 15 years of Federal service, his successful performance ratings throughout his career, his cash and time off awards for his work performance, the fact that he made a "number of positive contributions towards [the agency's] mission," and the fact that he received a temporary promotion to a supervisory position during his career. *Id.* The deciding official also considered that the appellant was experiencing health issues during July 2012. *Id.* Based on these considerations, the deciding official determined that a 30-day suspension was "the appropriate suspension to correct such behavior in the future" and that it would promote the efficiency of the service. *Id.* at 30-31.

¶16 The administrative judge found that the deciding official properly considered the relevant factors and that a 30-day suspension does not exceed the tolerable limits of reasonableness. ID at 16. The appellant's bare assertion on review that the suspension was "not reasonable" provides no basis to disturb this finding. PFR File, Tab 1 at 7. As described above, the deciding official conducted a thorough analysis of the relevant *Douglas* factors and, based on his consideration of those factors, mitigated the removal penalty to a 30-day suspension. We agree with the administrative judge that a 30-day suspension is not outside the tolerable limits of reasonableness for the sustained charges.

¶17 The appellant does not challenge the administrative judge's other findings that the agency established nexus between the charge and the efficiency of the service and that the agency afforded the appellant the requisite due process. PFR File, Tab 1. We find no basis to disturb these well-reasoned findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.